UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>MARC G. BEAUDOIN<br><br>Debtor | Chapter 7<br><br>Case No. 02-22859 |

| | |
|---|---|
| JOHN J. O'NEIL, JR., TRUSTEE )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MARC G. BEAUDOIN and )<br>LORETTA I. BEAUDOIN )<br>)<br>Defendants )<br>) | Adversary Proceeding<br><br>No. 04-2080 |

APPEARANCES:

Edward P. Jurkiewicz, Esq.
Lawrence & Jurkiewicz LLC, 30 East Main Street, Avon, CT 06001
Counsel for Plaintiff

John A. Barbieri, Esq.
18 Cedar Street, P.O. Box 1445, New Britain, CT 06050
Counsel for defendants

## MEMORANDUM OF DECISION

KRECHEVSKY, U.S.B.J.

I.

Marc G. Beaudoin ("the debtor") filed a Chapter 7 bankruptcy petition on October 2, 2002, and John J. O'Neil, Jr.("the trustee") was appointed trustee. The matter presently before the court is the trustee's complaint, filed on October 1, 2004, against the debtor and Loretta I. Beaudoin ("Loretta"), his non-debtor wife, seeking to avoid,

as fraudulent transfers, certain prepetition payments allegedly made by the debtor.

The above-captioned adversary proceeding was consolidated for purposes of trial with Adversary Proceeding No. 03-2018. Familiarity with the court's findings of fact and conclusions of law as set forth in the court's memorandum of decision of even date in such proceeding ("Beaudoin I")will be presumed.

## II.

## BACKGROUND

As more fully set forth in Beaudoin I, the debtor, on July 31, 1995, transferred to Loretta title to property located at 278 Corbin Avenue, New Britain, Connecticut ("the Corbin property"). Following the transfer, the defendants and their two minor children occupied the premises as their primary residence. The complaint alleges that, subsequent to the transfer of the Corbin Property, the debtor:

> a-) paid all of the mortgage payments coming due with respect to the [Corbin property]; b-) paid all of the utility payments (gas, oil, electric) coming due with respect to the [Corbin property]; c-) paid all of the insurance and tax payments coming due with respect to the [Corbin property]; and d-) paid for the improvements to the [Corbin property] (collectively, "the Pre Petition Transfers").

The trustee seeks, in Count One, to avoid, pursuant to Bankruptcy Code §544(b) and the Connecticut Uniform Fraudulent Transfer Act ("the UFTA"), Conn. Gen. Stat. §52-552a, et seq., "such Pre Petition Transfers which occurred from October 1, 1998 through October 1, 2002." In Count Two. the trustee seeks to avoid "such Pre Petition Transfers which occurred from October 1, 2001 through October 1, 2002" pursuant to Bankruptcy Code §548(a). The trustee seeks to recover the value of any such avoided transfers for the benefit of the estate, pursuant to §550(a).

2

III.

DISCUSSION

Count One - Conn. Gen. Stat. §52-552a et seq.

Section 544(b)(1) of the Bankruptcy Code provides that "the trustee may avoid any transfer of an interest of the debtor in property ... that is voidable under applicable law by a creditor holding an unsecured claim...." The trustee, therefore, seeks to avoid the stated Pre Petition Transfers pursuant to Connecticut's Uniform Fraudulent Transfer Act ("the UFTA"), Conn. Gen. Stat. §52-552a, et seq.

Under Connecticut's UFTA, a transfer is fraudulent as to an existing creditor (1) if it was made with actual intent to hinder, delay or defraud a creditor (actual fraud); or (2) if the debtor did not receive reasonably equivalent value and was or would, as a result of the transfer, become insolvent (constructive fraud). Conn. Gen. Stat. §§52-552e, 52-552f. "The standard of proof of a fraudulent conveyance is the same on allegations of actual or constructive fraud .... A fraudulent conveyance must be proven by clear and convincing evidence." Tessitore v. Tessitore, 31 Conn. App. 40, 43 (1993).

Because actual fraud is rarely proven by direct evidence, courts infer fraudulent intent by examining the circumstances surrounding the transfer to determine whether any "badges of fraud" are present. See, e.g., Salomon v. Kaiser (In re Kaiser), 722 F.2d 1574, 1582 (2d Cir. 1983). Conn. Gen. Stat. §52-552e(b) states:

> In determining actual intent under ... this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider, (2) the debtor retained possession or control of the property transferred after the transfer, (3) the transfer or obligation was disclosed or concealed, (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit, (5) the

3

transfer was of substantially all the debtor's assets, (6) the debtor absconded, (7) the debtor removed or concealed assets, (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, (9) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred, (10) the transfer occurred shortly before or shortly after a substantial debt was incurred, and (11) the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

"The fact of an intra-family conveyance itself does not raise a presumption of fraudulent intent." Citizens Bank of Clearwater v. Hunt, 927 F.2d 707, 711 (2d Cir. 1991). The debtor and Loretta were both employed and both contributed to the family's support. The debtor generally made the Corbin mortgage payments, certain payments for utilities, insurance, and property taxes, and used his carpentry skills to make repairs and improvements to the family's home. As the court concluded, in Beaudoin I, such payments were in the nature of family support. The court agrees with the holding of the Sixth Circuit Court of Appeals, which stated: "[W]e note that the greater weight of authority holds, in cases applying state [UFTA] statutes ... as well as in bankruptcy cases applying a similar fraudulent transfer provision, that a debtor does indeed receive 'reasonably equivalent value' when he/she makes payments to his/her spouse (or co-habitant) that are used for household expenses." United States v. Goforth, 465 F.3d 730, 736 (6th Cir. 2006) (collecting cases). Accordingly, the court concludes that the debtor received "reasonably equivalent value" for the Pre Petition Transfers. The debtor's payment of such expenses was not concealed; the payments at issue were made directly from his checking account. The court infers from the circumstances surrounding the debtor's making the payments at issue that the debtor's intent was not to hinder, delay or defraud his creditors, but to provide for the support

4

of his family, consistent with his "common law and statutory duty to do so." United States v. Edwards, 572 F.Supp. 1527, 1536-1537 (D.Conn. 1983).

The court thus concludes that the Pre Petition Transfers were neither actual nor constructive fraudulent transfers under the UFTA.

### Count Two - Bankruptcy Code §548(a)

The trustee must prove each element of a fraudulent transfer under Bankruptcy Code §548(a)(2) by a preponderance of the evidence. See Grogan v. Garner, 498 U.S. 279, 286-291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (establishing preponderance of the evidence as the default burden of proof in bankruptcy litigation). Section 548(a)(1), as it was in effect on the debtor's petition date, stated:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>   (ii) (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>   (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or
>   (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

The court, having concluded, supra, (1) that the debtor made the Pre Petition Transfers with the intent of meeting his obligation to support his family, and not with the intent to hinder, delay, or defraud his creditors; and (2) that the debtor received the

5

reasonably equivalent value in exchange for such transfers, further concludes that the trustee may not avoid Pre Petition Transfers pursuant to §548(a)(1).

IV.

## CONCLUSION

In accordance with the forgoing discussion, the court concludes that the trustee may not avoid, as fraudulent transfers pursuant to either the UFTA or Bankruptcy Code §548(a)(1), the debtor's prepetition payments towards the Corbin mortgage, utilities, property taxes, insurance, or repairs. Judgment shall so enter.

Dated at Hartford, Connecticut this 30 day of March, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE